**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

MAR 24 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO.**

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**ANTOINE ADAMS JR.**                                          **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 1343, wire fraud, and Count 2 of the Information, charging a violation of 18 U.S.C. § 1957, money laundering. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1, 18 U.S.C. § 1343, wire fraud, are:

   (a) The defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property;

   (b) The scheme included a material misrepresentation or concealment of a material fact;

   (c) The defendant had the intent to defraud; and

(d) The defendant used a wire, radio, or television communications and/or caused another to use wire, radio, or television communications in interstate commerce in furtherance of the scheme.

3. The essential elements of Count 2, 18 U.S.C. § 1957, money laundering, are:

(a) The defendant knowing engaged in a monetary transaction;

(b) The monetary transaction was in property derived from wire fraud;

(c) The property had a value greater than $10,000;

(d) The defendant knew that the transaction was in criminally derived property; and

(e) The monetary transaction took place in the United States.

4. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In March of 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act established several new temporary relief programs and provided for the expansion of others to address the COVID-19 pandemic. The CARES Act also expanded funding to existing federal programs, including the Economic Injury Disaster Loan (EIDL) Program, and created the Payment Protection Program (PPP). Both programs were administered by the U.S. Small Business Administration (SBA). The EIDL program provided loans to cover normal operating expenses for small businesses suffering from an economic disaster. PPP loans were designed to primarily cover payroll.

(b) Specifically as to Count 1, from in or about April 2020 to in or about October 2021, in the Eastern District of Kentucky, and elsewhere, the Defendant devised a scheme to defraud the United States, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises by seeking and obtaining funding under various government relief and Covid-19 pandemic relief programs. He did this by fabricating information about employment history and business ventures and applying for relief funds using that false information.

(c) On or about June 16, 2020, the Defendant filed EIDL application #3304756648 on behalf of A2 Painting Co LLC (A2 Painting) falsely claiming the business had gross revenues of $185,206, eight employees, and was established on May 20, 2018. The Defendant acted with the intent to defraud, knowing those representations contained in the application were false. As a result of his fraudulent misrepresentations, the SBA approved an EIDL in the amount of $84,700 and a $8,000 EID advance. The SBA maintains its servers used to process EIDL applications and transfer funds from the U.S. Treasury outside of Kentucky. When the Defendant submitted his application for this EIDL, it caused a wire to enter interstate commerce.

(d) In addition, between April 2020 and October 2021, the Defendant fraudulently applied for a PPP on behalf of A2 Painting. The Defendant uploaded a fraudulent tax form to support the false figures he listed on the PPP application. The SBA approved this loan in the amount of $39,550.

(e) As part of this scheme, the Defendant registered A2 Painting with the Kentucky Secretary of State, created an Employer Identification Number for A2 Painting, and made an email for the business after the start of the pandemic.

(f) Specifically as to Count 2, after receiving the fraudulently obtained SBA funds, the Defendant used those funds to purchase two real properties, a vehicle, and luxury goods in Las Vegas, Nevada.

(g) On June 25, 2020, the Defendant paid for a deposit on a vehicle for his mother via a $12,000 check from his A2 Painting bank account to a car dealership in Lexington, Kentucky. This transaction occurred within the United States.

5. The statutory punishment for Count 1, 18 U.S.C. § 1343, is imprisonment for not more than 20 years, a fine of not more than $250,000 or twice the gross gain or twice the gross loss, and a term of supervised release of not more than three years. The statutory punishment for Count 2, 18 U.S.C. § 1957, is imprisonment for not more than 10 years, a fine of not more than $250,000 or twice the amount of the property involved in the offense, and a term of supervised release of not more than three years. A mandatory special

assessment of $100 applies per count, and the Defendant will pay this assessment to the

U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend

the following sentencing guidelines calculations, and they may object to or argue in favor

of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all actions to promote his scheme to fraudulently obtain Covid-19 relief funds from WebBank and the SBA and all transactions in criminally derived property.

### Count 1

(c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level for wire fraud is 7 because the offense has a statutory maximum term of imprisonment of 20 years or more.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(E), increase the offense level by 8 levels for a loss amount greater than $95,000 but less than $150,000.

### Count 2

(e) Pursuant to U.S.S.G. § 2S1.1(a)(1), the offense level shall be the level for the underlying offense from which the laundered funds were derived because the defendant committed the underlying offense and the offense level for that offense can be determined.

(f) Pursuant to U.S.S.G. § 2S1.1(b)(2)(A), increase the offense level by 1 level for a conviction under 18 U.S.C. § 1957.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) Pursuant to U.S.S.G. § 5E1.1, the Defendant shall pay restitution in a total amount not less than the sum of the amounts set forth as follows:

    i. $84,700 for the EIDL principal balance, interest calculated through entry of the plea agreement, and $8,000 in EIDL Advance to the SBA for SBA EIDL No. 8954277906; and

    ii. $39,550 for the PPP principal balance, $1,969.87 in interest through November 5, 2025, additional interest through entry of the plea agreement, and $1,977.50 in processing fees to SBA for SBA Loan No. 4376447810.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Information. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Information. The Defendant

also consents to the imposition of a forfeiture money judgment in the amount of $132,250, which represents the amount of proceeds that the Defendant obtained as a result of the offenses to which he is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein or fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency

during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to pay restitution in at least the amounts and to the victims set forth in Paragraph 6(h), pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or

disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of

financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASST. UNITED STATES ATTORNEY

Date: 3/9/26

By: _Kate K Smith_

Kate K. Smith
Assistant United States Attorney

Date: 3 - 6 - 26

Antoine Adams Jr.
Defendant

Date: 03/06/26

Abe Mashni
Attorney for Defendant